UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PLEASANTDALE CONDOMINIUMS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket No. 2:21-cv-00014-NT ) |
| THOMAS J. WAKEFIELD, | ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pleasantdale Condominiums, LLC, ("**Pleasantdale**") has sued Defendant Thomas J. Wakefield for alleged fraud in the course of a real estate transaction. Before me is the Defendant's motion seeking summary judgment on both claims ("**Def.'s Mot.**") (ECF No. 15). For the reasons stated below, I **GRANT** the Defendant's motion.

**BACKGROUND**[1]

This dispute revolves around a piece of real property located at 9 Cole Street in South Portland, Maine, (the "**Property**") and the two four-unit apartment buildings constructed upon it. Def.'s Statement of Material Facts ("**SOF**") ¶¶ 1–2 (ECF No. 16). In 1975, Mr. Wakefield purchased the Property, and construction on

---

[1] The first two paragraphs of this section are drawn from the Defendant's statement of facts (ECF No. 16), all of which the Plaintiff admits—at least for purposes of summary judgment, pursuant to Local Rule 56(g). *See* Pl.'s Opposing Statement of Material Facts (ECF No. 18). The Plaintiff has not sought to supplement the facts relied upon by the Defendant. The remaining paragraphs of this section are drawn from the Complaint and are referred to only as allegations.

the two apartment buildings began. SOF ¶¶ 1–2. In the midst of this construction, in 1976, Mr. Wakefield submitted a site plan to the city of South Portland (the "**site plan**") designating an area of the Property "to be filled." SOF ¶ 3. The site plan was recorded in the Cumberland County Registry of Deeds. SOF ¶ 3. At some point over the next thirty years (approximately), gravel and various debris were used to fill in the area designated in the site plan. SOF ¶ 4.

In 2019, Mr. Wakefield entered into a Purchase & Sale Agreement (the "**Agreement**") with Telos Capital ("**Telos**") to sell the Property to Telos. SOF ¶ 8. Simultaneously, Telos entered into a separate contract to assign all of its rights under the Agreement (the "**Assignment**") to Pleasantdale. SOF ¶ 9. After some negotiation, the final Agreement did not provide for an inspection contingency and stated that the Property would be sold "as is." SOF ¶¶ 10–11. At the time of the Assignment, Pleasantdale understood that the Property was being sold "as is." SOF ¶ 12. The sale to Pleasantdale closed in June 2019. SOF ¶ 13.

Pleasantdale alleges that after the sale closed, it began to construct new buildings on the Property. Compl. ¶ 25 (ECF No. 3-7). Pleasantdale also alleges that its contractor discovered, while excavating the Property, that the Property contained debris requiring removal. Compl. ¶¶ 26–29. Pleasantdale further alleges that this debris was not previously disclosed by Mr. Wakefield. Compl. ¶¶ 34–35.

Based on these allegations, the Plaintiff brought two causes of action against Mr. Wakefield—fraud (Count I) and negligent misrepresentation (Count II). Compl. ¶¶ 38–52. The Plaintiff's fraud claim is based not only on an alleged violation of a

Maine statute, 33 M.R.S. § 173(5), but also on the idea that Mr. Wakefield "actively concealed the presence" of this debris on the Property, Compl. ¶¶ 39–42.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing that no such dispute exists, and the nonmoving party must then respond "with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which it has the burden of proof." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (internal quotation marks omitted). "Faced with a defendant's motion for summary judgment," a plaintiff cannot merely sit on his laurels. *Jakobiec v. Merrill Lynch Life Ins. Co.*, 711 F.3d 217, 226 (1st Cir. 2013). To survive summary judgment, the "plaintiff must come forward with some evidence showing a genuine dispute of material fact." *Id.* "A plaintiff's failure to produce any evidentiary proof concerning" an "essential element[ ] of his claim is grounds for summary judgment." *Id.*

When briefing a motion for summary judgment, it is the obligation of the parties to "direct the court to the materials necessary to evaluate their claims." *Barry v. Moran*, 661 F.3d 696, 699 n.3 (1st Cir. 2011); *accord Taylor v. Am. Chemistry Council*, 576 F.3d 16, 32 n.16 (1st Cir. 2009) ("It is not the court's responsibility to 'ferret out and articulate' the record evidence material to the appellants' claims." (quoting *Conto v. Concord Hosp., Inc.*, 265 F.3d 79, 81 (1st Cir. 2001))). "The court

shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." D. Me. Loc. R. 56(f).

## DISCUSSION

Count II and part of Count I both rely on a statutory duty of "seller[s] of residential real property" to disclose "known defects." 33 M.R.S. § 173(5). "Residential real property" is defined as "real estate consisting of one or not more than 4 residential dwelling units," *id.* § 171(6). Since the Property involved in this case contains eight (i.e., "more than 4") residential dwelling units, it is exempt from the statutory obligations imposed by § 173.

The Plaintiff acknowledges this reality and concedes that its negligent misrepresentation claim is doomed. Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("**Pl.'s Opp'n**") 2 (ECF No. 17). And while the Plaintiff does not explicitly say as much, the fact that the Property is not considered "residential real property" under § 171(6) also forecloses the Plaintiff's fraud claim, at least to the extent that it is based on the statutory duty to disclose set forth in § 173.

That leaves only the Plaintiff's second theory of fraud, that the Defendant actively concealed the debris that was present on the Property. It is this theory that the Plaintiff contends it can still pursue. Pl.'s Opp'n 2. " 'Active concealment of the truth' connotes steps taken by a defendant to hide the true state of affairs from the plaintiff." *Kezer v. Mark Stimson Assocs.*, 1999 ME 184, ¶ 24, 742 A.2d 898, 905 (Me. 1999). But the Plaintiff points to no such steps taken by the Defendant in this case.

4

The parties agree that there existed debris on the Property. They also agree (at least for purposes of summary judgment) that at the time of the sale to Pleasantdale, that debris had been present on the Property for approximately twenty years. They agree that Mr. Wakefield publicly recorded the site plan in 1976 in which he described that an area of the Property needed "to be filled." And they agree that the Property was sold "as is." The Plaintiff points to no facts that demonstrate that Mr. Wakefield "actively concealed" (i.e., took steps to conceal) the debris. And the only facts identified in the record directly undermine this theory.[2] Fill, by its nature, is generally covered, but that does not mean that Mr. Wakefield took steps to conceal the existence of the fill. Because the Plaintiff identifies no facts to support the claim that Mr. Wakefield actively concealed the presence of the fill on the Property, the Defendant is entitled to summary judgment on both counts.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant's Motion for Summary Judgment.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 21st day of September, 2021.

---

[2] I emphasize that the Plaintiff has relied entirely on the Defendant's statement of facts. And if there are facts more favorable to the Plaintiff in the record that indicate active concealment, it was incumbent on the Plaintiff to direct me to those facts. As this Court's local rules make clear, I have no duty to scour the record to find facts helpful to a party's case. Given the Plaintiff's failure to point me to any favorable facts in the record, I can only assume that no such facts exist.